The majority was correct in finding that the claimant must show "fraud, misrepresentation, undue influence, or mutual mistake" in order to prevail in a claim attempting to set aside a signed and approved compromise settlement agreement pursuant to N.C. Gen. Stat. § 97-17(a). However, the majority erred in determining that plaintiff failed to demonstrate error due to the above factors when the evidence of record is inconclusive as to the extent and sufficiency of the legal representation provided to him during the settlement process.
The record of the hearing before the Deputy Commissioner shows that during the settlement mediation, and at the time plaintiff executed the compromise settlement agreement, plaintiff was confused about the amount of money involved, the claim to which the settlement pertained, and whether he had an option to reject defendants' settlement offer. Plaintiff testified that he is not well educated and has reading problems, but that he was under the assumption that he had retained Attorney Leah Lassiter as counsel. Based on a review of the transcript, it is unclear as to who appeared on plaintiff's behalf at the settlement mediation and at the time he executed the compromise settlement agreement. Though the settlement agreement bears what appears to be a stamped signature for Ms. Lassiter, plaintiff testified he was uncertain if they had ever met. Perhaps there is a simple explanation for plaintiff's confusion; however, based upon the evidence before the Commission, the undersigned cannot find that plaintiff was fairly and justly represented during the settlement of this matter.
The Supreme Court has long held that the Industrial Commission, in its judicial capacity, must undertake a full investigation for determining whether or not a voluntary settlement is fair and just. The law thus undertakes to protect the rights of the employee in contracting with respect to his injuries. Vernon v. Mabe Builders, 336 NC 425, 444 SE2d 191
(1994). The Court has affirmed this position in stating that the Industrial Commission stands by to assure fair dealings in any voluntary settlement. Id. If the mediated settlement agreement reached by the parties is found to be a binding agreement, the Commission must still "consider its approval of the mediated settlement agreement pursuant to Rule 502(1) of the Workers' Compensation Rules, i.e., is the agreement "deemed fair and just and in the best interest of all parties." Lemly v.Colvard Oil, 157 N.C. App. 99, 103, 577 S.E.2d 712, 715 (2003).
The majority has erred in upholding the approval of the settlement agreement without taking evidence and making sufficient findings of fact regarding whether plaintiff was fairly and justly represented during mediation and at the time he executed the settlement agreement. This matter should be remanded to a Deputy Commissioner for the taking of additional evidence, specifically the testimony of plaintiff's counsel, as to the extent and sufficiency of the legal representation provided to plaintiff during the settlement process. For these reasons, I respectfully dissent from the majority's Opinion and Award in this matter.
This 25th day of October 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER